FILED

2012 May-16  AM 09:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LIZETH BENTON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-11-S-493-NE |
| | ) | |
| SCOTT PHILLIP BURKE, administrator of the estate of KATHERINE BURKE, d/b/a KATHI'S FLOWERS AND GIFTS, *et al.*, | ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER DISMISSING
## FEWER THAN ALL DEFENDANTS

Plaintiff, Lizeth Benton, commenced this premises liability action against three defendants:  John Fowler, doing business as Redstone Flower Shop; Scott Phillip Burke, administrator of the estate of Katherine Burke, doing business as Kathi's Flowers and Gifts; and the United States of America.[1]  The case presently is before the court on a motion for reconsideration of the court's denial of summary judgment, filed by defendant Scott Burke.[2]

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that:  "A motion to alter or

---

[1] *See* doc. no. 17 (Third Amended Complaint).

[2] *See* doc. no. 39.

amend a judgment must be filed no later than 28 days after the entry of the judgment."

However, a court may reconsider and modify or rescind an interlocutory ruling at any

time before a final judgment is entered.  *See Bon Air Hotel, Inc. v. Time, Inc.*, 426

F.2d 858, 862 (5th Cir. 1970) (addressing the district court's reconsideration of its

earlier denial of summary judgment).[3]  The Federal Rules of Civil Procedure do not

specify the grounds on which a motion to reconsider may be granted.  As a result,

federal courts have developed the common law standard that:  "The only grounds for

granting a Rule 59 motion are newly discovered evidence or manifest errors of law

or fact."  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re

Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).  A manifest error of law is "the

wholesale disregard, misapplication, or failure to recognize controlling precedent."

*Oto v. Metropolitan Life Insurance Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting

*Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).  "[A] Rule 59(e)

motion [cannot be used] to relitigate old matters, raise argument or present evidence

that could have been raised prior to the entry of judgment."  *Arthur*, 500 F.3d at 1343

(bracketed alterations in original) (quoting *Michael Linet, Inc. v. Village of

Wellington, Florida*, 408 F.3d 757, 763 (11th Cir. 2005)).  The denial of a Rule 59(e)

---

[3] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on October 1, 1981.

2

motion "is 'especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998) (quoting *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)).

Federal Rule of Civil Procedure 56 provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[4]  In other words, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact 'exists only if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party.'" *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999) (quoting *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1284-85 (11th Cir. 1997)).

---

[4] Rule 56 was amended, effective December 1, 2010, in conjunction with a general overhaul of the Federal Rules of Civil Procedure.  The Advisory Committee was careful to note, however, that the changes "will not affect continuing development of the decisional law construing and applying these phrases." Adv. Comm. Notes to Fed. R. Civ. P. 56 (2010 Amends.).  Consequently, cases interpreting the previous version of Rule 56 are equally applicable to the revised version.

"In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983). Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman*, 229 F.3d at 1023 (quoting *Haves*, 52 F.3d at 921); s*ee also Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 251-52 (1986) (asking "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

## II. BACKGROUND

### A. Procedural History

Plaintiff filed numerous amended complaints in this action, the sequence of which is outlined in full in the memorandum opinion denying the motions for

4

summary judgment filed by defendants Fowler and Burke.[5]  For the purposes of ruling on the motion to reconsider, it is sufficient to state that, at the time this case reached the summary judgment stage, it included the three defendants named in the prefatory paragraph of this opinion:  *i.e.*, John Fowler, doing business as Redstone Flower Shop; Scott Phillip Burke, administrator of the estate of Katherine Burke, doing business as Kathi's Flowers and Gifts; and, the United States of America.[6]  Plaintiff stated that Kathi's Flowers and Gifts and Redstone Flower Shop were entities doing business as "Petals and Blooms" on the United States Army's Redstone Arsenal near Huntsville, Alabama.[7]  In response to the third amended complaint, the United States filed an answer.[8]  Fowler filed an answer in which he adopted and incorporated a motion to dismiss or, in the alternative, a motion for summary judgment, that he had filed in response to an earlier iteration of the complaint.[9]  Scott Burke responded to the third amended complaint by filing a motion for summary judgment.[10]

Upon consideration of the foregoing pleadings, this court issued a memorandum opinion and order denying both motions for summary judgment on

---

[5] Doc. no. 37, at 3-5.

[6] Doc. no. 17 (Third Amended Complaint) ¶¶ 2-3.

[7] *Id.* ¶ 5.

[8] Doc. no. 18.

[9] Doc. no. 22.

[10] Doc. no. 23.

March 13, 2012.[11]  This court ruled that, based on the evidence then in the record, there existed a genuine issue of material fact that made entry of summary judgment in favor of the moving defendants as a matter of law inappropriate.[12]  Specifically, the decision turned on the issue of whether Kathi's Flowers and Gifts was organized as a sole proprietorship, as plaintiff's claims would have been barred if it was such a business.   The direct evidence in the record suggested that it was a sole proprietorship, but significant circumstantial evidence, viewed in the light most favorable to plaintiff, allowed an inference that it was not.[13]  The parties took depositions of plaintiff and Fowler on March 30, 2012.[14]  Scott Burke filed the motion for reconsideration on April 23, 2012.[15]  The court entered a briefing schedule, but plaintiff filed no response.[16]  Two days later, plaintiff filed a motion for the dismissal, without prejudice, of all claims against Fowler.[17]  The court granted that motion and dismissed the claims against Fowler on the following day.[18]

---

[11] Doc. no. 37.

[12] *Id.* at 13.

[13] *Id.*

[14] *See* doc. no. 39-1 (Deposition of John Fowler); doc. no. 39-2 (Deposition of Lizeth Benton).

[15] Doc. no. 39.

[16] Text Order of April 24, 2012.

[17] Doc. no. 40.

[18] Doc. no. 41.

6

B.     **Factual Background**

The genesis of this action is a slip and fall injury suffered by plaintiff on February 11, 2009.[19]   On that date, plaintiff was a business invitee at the Post Exchange ("PX") located on Redstone Arsenal.[20]   She was walking along a common pathway adjacent to a flower shop.[21]   At the entrance to the store, there were two buckets situated on a table.[22]   The buckets were filled with water and contained bouquets of flowers.[23]   As patrons of the store removed flowers from the bucket, water and leaves dripped onto the floor.[24]   Plaintiff slipped on the wet floor, fell, and thereby sustained injuries.[25]

Katherine Burke, doing business as "Kathi's Flowers and Gifts," was awarded a five-year contract to operate the flower shop at Redstone Arsenal on March 12, 2007, nearly two years prior to the events giving rise to this action.[26]   Her bid for the contract indicated that her business was organized as a sole proprietorship, rather than

---

[19] Deposition of Lizeth Benton, at 56.

[20] *Id.* at 57.

[21] *See id.* at 65.

[22] *Id.* at 67.

[23] *Id.* at 67-68.

[24] Deposition of Lizeth Benton, at 68, 73.

[25] *Id.* at 76-79.

[26] Doc. no. 12-2 (Army & Air Force Exchange Service Solicitation/Proposal/Award, March 12, 2007).

as a partnership or corporation.[27]  Katherine Burke died on September 10, 2009.[28]  On September 30, 2009, letters of administration were granted to defendant Scott Burke, appointing him as the administrator of the estate of Katherine Burke, deceased.[29]  The probate records listing Katherine Burke's assets do not include any ownership share in a partnership, corporation, or other business.[30]

During the last decade of her life, Katherine Burke was involved in a romantic relationship with defendant John Fowler.[31]  Although Katherine Burke owned her own house, she primarily lived at Fowler's home during that period.[32]  She had her business mail delivered to Fowler's address.[33]  When she became ill in 2009, she asked Fowler to take care of any outstanding issues facing her business upon her death.[34]  Fowler told her he would do so, knowing that he could ask her estate for

---

[27] *Id.* ("OFFEROR REPRESENTS (*Check Appropriate Boxes*) . . . .  That it operates as an [X] Individual ☐  Partnership ☐ Corporation, incorporated in the State or Country of Alabama.").

[28] Doc. no. 23-2 (Probate Records, Katherine Burke), at 2.

[29] *Id.* at 8-10.

[30] *See id.* at 13.

[31] Deposition of John Fowler, at 8.

[32] *Id.* at 7-8 ("Q:  And how long did Ms. Burke live with you at that address?  A:  Off and on, for nine years, in and out.  . . .  Well, you know, people split up sometimes.  She had her own house.").

[33] *Id.* at 37 ("Q:  [D]o you have any knowledge as to why Ms. Burke utilized [Fowler's address] as the address for her business?  A:  I would assume it would be for convenience.  She wouldn't have to go to her house to get the mail.") (bracketed alterations supplied).

[34] *Id.* at 26 ("Q:  Okay.  Why did you end up doing the Madison County sales taxes and rental taxes for the flower shop, why not the executor for her estate?  A:  She asked me to make sure it was paid, and do it before she died.").

8

reimbursement.[35]  He paid her taxes and outstanding bills for "the last month right after she passed away."[36]  He testified that she ran her flower shop as a sole proprietorship and had no partners.[37] He testified that he only "visited" the store on a few occasions while she owned it, that he was never employed by the flower shop, and that he never shared in its profits or losses.[38]

During Katherine Burke's lifetime, Fowler ran his own business, repairing typewriters and cash registers.[39]  Nine months after the events giving rise to this action, *i.e.*, on November 3, 2009, Fowler, doing business as "Redstone Flower Shop," was awarded the contract to operate the flower shop at Redstone Arsenal.[40] His bid indicated that his company was organized as a sole proprietorship.[41]  Fowler testified that he decided to try the flower shop business after Katherine Burke died.[42]

---

[35] Deposition of John Fowler, at 40 ("Well, she is the type of person that, you know, she just wanted her stuff taken care of and she asked me to do it and I said I would, that was it.") *id.* at 45 ("Q:  You did it because you promised Ms. Burke you would do that?  A:  Yes.  Q:  Was there any other reason that you did it?  A:  Well, I cared about her, I guess, and I knew, you know, I could file it on her estate.").

[36] *Id.* at 27-28.

[37] *Id.* at 26, 35.

[38] *Id.* at19, 26, 28, 36.

[39] *Id.* at 11.

[40] Doc. no. 12-4 (Army & Air Force Exchange Service Solicitation/Proposal/Award, November 3, 2009).

[41] *Id.*

[42] Deposition of John Fowler, at 51.  He dissolved his machine repair business at some point in 2010.

9

After her death, but before Fowler had secured his own contract to run the flower store, Fowler took several actions on behalf of Katherine Burke's business, including filing tax returns and paying commercial debts.[43]   He testified that he found the information needed to pay the sales taxes by reviewing the tape in Burke's cash register.[44]   The probate records list as among Katherine Burke's liabilities "[b]usiness debts" and "[b]usiness loans due to John Edward Fowler" in "unknown" amounts.[45] Fowler testified that he sought reimbursement from the estate for the bills and taxes he had paid for Katherine Burke's flower shop.[46]   Some of the documents in the record include "Redstone Flower Shop" as part of the name of Katherine Burke's company.[47]   Fowler testified that, when he was awarded the contract to operate the flower shop, he was able to use some of the inventory that was already there.[48]

---

[43] *See* doc. no. 13-1 (Plaintiff's Exhibits in Opposition to Motion for Summary Judgment), at Ex. A (Madison County Sales, Use and Rental Tax Return); *id.* at Ex. B (Personal Check of John Fowler made out to "Madison County Sales Tax"); *id.* at Ex. D (Invoice, Davis Wholesale Florist); *id.* at Ex. E (Personal Check of John Fowler to Davis Wholesale Florist).
    As described in the previous paragraph, Fowler testified that he did so at Burke's request. Deposition of John Fowler, at 40, 45.

[44] Deposition of John Fowler, at 31, 46.

[45] Probate Records, Katherine Burke,  at 14 (bracketed alterations supplied).

[46] Deposition of John Fowler, at 42.

[47] *See, e.g.*, doc. no. 13-1 at Ex. A ("Redstone Flower Shop Kathi's Flowers and Gifts"); *id.* at Ex. D ("Kathy's Flower Shop dba Redstone Flower Shop").

[48] Deposition of John Fowler, at 52 ("Q:  Little teddy bears, things like that; so those you don't get daily, those you pay for? A:  No.  They were some there, yes. Q:  But you didn't have to reimburse Kathi's Flowers and Gifts for them, you just — A:  I didn't.").

# III. DISCUSSION

This court's previous rulings on the individual defendants' motions for summary judgment stated that:

> The outcome of the two summary judgment motions turns on one question: whether Katherine Burke operated her flower shop as a sole proprietorship. If the shop was a sole proprietorship, summary judgment is appropriate. If there is a genuine issue of material fact on that question, summary judgment is not appropriate.[49]

Based on the evidentiary record before the court at that time, there was a genuine issue of material fact on the question of whether the flower shop was a sole proprietorship. However, new evidence, in the form of deposition testimony, has been added to the record. That evidence was not available at the time the court first ruled on summary judgment, so reconsideration is appropriate.[50] The additional evidence produced in the deposition testimony of Fowler has eliminated the fact issue that previously precluded summary judgment.

Scott Burke grounded his motion for summary judgment in the fact that plaintiff did not provide the estate of Katherine Burke with timely notice of her claim.[51] Under the Alabama nonclaim statute, a plaintiff must provide notice within

---

[49] Doc. no. 37, at 9.

[50] Additionally, the dispositive motion deadline in this case was May 1, 2012, *i.e.*, roughly one week after the motion for reconsideration was filed. Thus, the motion for reconsideration would be timely as a renewed motion for summary judgment.

[51] Doc. no. 23, at 10.

11

six months of the granting of letters of administration (or five months of the date of first publication of notice that the letters have been granted, if later) to preserve a claim against the estate of a decedent.  *See* Ala. Code § 43-2-350(a) (1975). "Alabama law makes no distinction between an individual and a sole proprietorship operated by the individual.  They are considered the same for legal purposes." *Carolina Casualty Insurance Co. v. Williams*, 945 So. 2d 1030, 1035 (Ala. 2009) (citing *Clardy v. Sanders*, 551 So. 2d 1057, 1059-60 (Ala. 1989)).  Thus, any suit against a sole proprietorship is actually a suit against the proprietor.  If that proprietor is deceased, the suit is subject to the rules governing suits against the estate of a decedent, namely, the nonclaim statute referenced above.  However, an entity other than a sole proprietorship is distinct from the owner.  Thus, if Kathi's Flowers and Gifts was not a sole proprietorship, the nonclaim statute would not apply, and Scott Burke, as administrator of the estate of Katherine Burke, could potentially be liable for the torts of the company.[52]

The record contains documents showing that Kathi's Flowers and Gifts was

---

[52] Plaintiff has not attempted to explain *how* the estate would remain liable if Kathi's Flowers and Gifts was not a sole proprietorship.  Although plaintiff argues that the evidence in the record supports an inference that the company was operated as a partnership or joint venture with Fowler, she has not produced any proof that the estate of Katherine Burke maintains any interest in such an entity.  However, Scott Burke has not made any argument in favor of summary judgment other than arguing that the company was a sole proprietorship.

established and operated as a sole proprietorship.[53]  It also contains the deposition

testimony of John Fowler, in which he stated that Katherine Burke operated her

flower shop as a sole proprietorship, that she had no partners, that he was not an

employee of the shop when she owned it, and that he never shared in the profits or

losses of her business.[54]  In denying summary judgment, the court stated that "there

is significant circumstantial evidence that is sufficient to create a genuine issue of

material fact regarding the organization of the flower shop."[55]  That evidence

consisted of Fowler's payment of taxes and other bills on behalf of Katherine Burke's

company, the shared addresses of Burke's business and Fowler's home, and the fact

that "Redstone Flower Shop" appeared on some of the invoices directed to Kathi's

Flowers and Gifts.[56]

　　　　The deposition evidence, however, which was not available at the time this

court previously ruled on the motions for summary judgment, eliminates any genuine

issue of material fact.  Fowler's testimony that Katherine Burke was living with him

explains why she used his home address, rather than the address of the house she

owned, for her business address.  Fowler's testimony explained how and why he came

---

[53] *See* Army & Air Force Exchange Service Solicitation/Proposal/Award, March 12, 2007.
[54] Deposition of John Fowler, at 26, 28, 35-36.
[55] Doc. no. 37, at 11.
[56] *Id.* at 12.

to pay her taxes.  Combined with the unequivocal and uncontroverted documentary evidence that both Fowler and Katherine Burke submitted bids to operate the flower shop as a sole proprietorship, that testimony eliminates any doubt that Kathi's Flowers and Gifts was a sole proprietorship.  The letters of administration were issued on September 30, 2009, *i.e.*, more than six months before plaintiff filed this case on February 11, 2011.[57]  Thus, plaintiff's claim against Scott Burke is barred by the Alabama nonclaim statute, and summary judgment is due to be granted.

## IV.  ORDERS

For the reasons stated herein, the court's previous memorandum opinion and order denying summary judgment is VACATED, RESCINDED, and WITHDRAWN. The motion for summary judgment filed by defendant Scott Burke is GRANTED, and all claims against that defendant are DISMISSED.  Nevertheless, this case remains pending against the, now sole, defendant:  the United States of America.  Trial will be set by separate order.

**DONE** and **ORDERED** this 16th day of May, 2012.

_____
United States District Judge

---

[57] *See* Probate Records, Katherine Burke, at 8-10; doc. no. 1 (Complaint).